IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| TERRIL EDWARDS | : | NO. 08-27 |

**MEMORANDUM**

Padova, J.   February 24, 2012

Defendant Terril Edwards has filed a pro se "Modification Motion Pertaining to Cocaine Base," seeking a reduction of his sentence in light of the recent enactment of the Fair Sentencing Act of 2010 (the "FSA") and the corresponding amendments to the United States Sentencing Guidelines concerning crack cocaine, which are set forth in Amendment 750, part A. For the following reasons, we deny the Motion.

In September 2008, a jury convicted Edwards of one count of possession with intent to distribute 50 grams or more of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); one count of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). We sentenced Edwards on February 9, 2009. The amount of crack cocaine involved in Edwards's drug crime was 70.1 grams, which, under the then-applicable drug quantity table in U.S.S.G. § 2D1.1(c), produced a base offense level of 30. Edwards, however, qualified as a career offender under U.S.S.G. § 4B1.1 (the "Career Offender Guidelines"), due to two prior felony drug convictions. See U.S.S.G. § 4B1.1(a). Under the Career Offender Guidelines, Edwards's offense level was increased to a 37 and he was assigned a criminal history

category of VI.[1]  See U.S.S.G. 4B1.1(b). Pursuant to the Sentencing Table, this offense level and criminal history category produced a Guideline range of 360 months to life. Edwards, however, also faced a statutory mandatory minimum of life imprisonment under 21 U.S.C. § 841(b)(1)(A), due to his possession of more than 50 grams of crack cocaine and two prior felony drug convictions. In addition, he faced a mandatory consecutive sentence of 60 months' imprisonment for the § 924(c) conviction. See 18 U.S.C. §§ 924(c)(1)(A)(i), (c)(1)(D). Where, as here, a statute calls for a higher minimum sentence than the Guidelines advise, the statutory minimum becomes the Guideline minimum. U.S.S.G. § 5G1.1. Thus, Edwards's final Guideline range was life plus five years, and we sentenced him to a mandatory life imprisonment, plus a mandatory consecutive sentence of five years' imprisonment.

Edwards now asks us to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) provides as follows:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Edwards seeks a reduction of his sentence in accordance with Amendment 750, part A, to the Sentencing Guidelines, which became effective on November 1, 2011, and lowered the base offense levels applicable to crack cocaine offenses. The Guidelines provide for the

---

[1] It is worth nothing that, because Edwards had 21 criminal history points, his criminal history category was VI, even without application of the Career Offender Guidelines.

retroactive application of this Amendment. See United States v. Thompson, 70 F.3d 279, 281 (3d Cir. 1995) (explaining that only Amendments listed in U.S.S.G. § 1B1.10(c) may be applied retroactively); U.S.S.G. § 1B1.10(c) (listing Amendment 750, part A).

Under the plain text of § 3582(c)(2), a court may only reduce a defendant's sentence if (1) it sentenced the defendant "based on" a sentencing range that has been lowered by an amendment to the Guidelines and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." Id. United States Sentencing Guideline § 1B1.10(a)(2)(B) provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if -- . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range." Likewise, Application Note 1(A) to U.S.S.G. § 1B1.10 states that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: . . . the amendment [to the Guidelines] does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, cmt. n.1(A).

In the instant case, Edwards is not entitled to a reduction of sentence under § 3582(c)(2), because his life sentence was not based on a sentencing range dictated by the drug quantity table in U.S.S.G. § 2D1.1(c), which Amendment 750 amended, but, rather, was based on a sentencing range dictated both by the Career Offender Guidelines, which Amendment 750 has not changed, and by the statutory mandatory minimum terms of imprisonment in 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C.

§ 924(c).² In other words, it is ultimately inconsequential that Amendment 750 lowered his base offense level under the § 2D1.1 drug quantity table, because the Career Offender Guidelines continue to require that we assign him a base offense level of 37, and the applicable statutes still impose mandatory minimum terms of imprisonment of life plus 5 years consecutive.

For the foregoing reasons, we find that Edwards's sentence was not based on a Guideline range that was lowered by Amendment 750, and a reduction in Edwards's sentence would not be consistent with the policy statements of the United States Sentencing Commission. Accordingly, we are not authorized to reduce his sentence under 18 U.S.C. § 3582(c)(2). We therefore deny Edwards's Motion for Reduction of Sentence.

An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.
_____
John R. Padova, J.

---

²The FSA, which was enacted on August 3, 2010, amended 21 U.S.C. § 841(b)(1) by increasing the amounts of crack cocaine that give rise to mandatory sentences. See United States v. Dixon, 648 F.3d 195, 197 (3d Cir. 2011); Pub. L. No. 111–220, § 2, 124 Stat. 2372 (2010); 21 U.S.C.A. § 841(b)(1) (West Supp. 2011). Among other changes, the amount of crack cocaine that can give rise to a mandatory minimum sentence of life imprisonment was increased from 50 grams to 280 grams. Compare 21 U.S.C. § 841(b)(1)(A)(iii) (2006) with 21 U.S.C.A. § 841(b)(1)(A)(iii) (West Supp. 2011). However, the Fair Sentencing Act does not apply retroactively to "defendants who committed their crimes and who were sentenced before the Act was enacted." Dixon, 648 F.3d at 198 n.3 (citing United States v. Reevey, 631 F.3d 110 (3d Cir. 2010)). Because Edwards committed his crime and was sentenced before the FSA was enacted, the pre-FSA version of § 841(b), which mandated a life sentence for an individual who possessed 50 grams or more of crack cocaine and had two prior felony drug convictions, continues to apply to Edwards.